UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT H. TUCK | : | CIVIL ACTION NO. 14-cv-3246 |
| FED. REG. #94936-020 | | SECTION P |
| VERSUS | : | JUDGE MINALDI |
| CHARLES MAIORANA, ET AL | : | MAGISTRATE JUDGE KAY |

<u>REPORT AND RECOMMENDATION</u>

Before the court is an application for a writ of *habeas corpus* [doc. 1] filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Robert H. Tuck (hereinafter "Tuck"), an inmate in custody of the Federal Bureau of Prisons who is currently incarcerated at the Federal Medical Center in Lexington Kentucky.  However, when he filed this matter he was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana, and herein he complains about events that occurred at that facility.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** to petitioner's ability to pursue his claims by filing the appropriate action.

**I.**
**BACKGROUND**

Tuck claims that he is being denied adequate medical care.  He states that on August 15, 2013, he broke his right shoulder and leg, and injured his right knee. Doc. 1, att. 1, p. 1.  He was

brought to the hospital, where surgery was performed.   Surgery included the placement of hardware in his shoulder.  *Id.*

Tuck alleges that on November 12, 2013, he rolled over in his bunk and felt something snap in his shoulder causing severe pain. *Id.*  He was given pain medication and made several sick calls.  *Id.*  On January 20, 2014, he was taken to an orthopedic surgeon, who administered a cortisone shot and alleged told him that he would simply have to tolerate the pain.  Doc. 1, att. 1, p. 2.

Tuck was taken to another orthopedic surgeon on April 14, 2014. *Id.* Upon examination, he claims that this second doctor informed him that the hardware had failed and that he needed a complete shoulder replacement as well as a knee replacement.  *Id.* Tuck states that he is in severe pain and has lost almost all use of his right shoulder and arm.  *Id.* He claims that the defendants told him that surgery had not been scheduled because there were other prisoners with more serious needs. *Id.* Tuck requests that we order the defendants to schedule his surgery.  Doc. 1, att. 1, p. 3.

## II.
### LAW AND ANALYSIS

As an initial matter, we must determine whether to treat petitioner's submission as a petition for a writ of *habeas corpus*, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Generally, a civil rights suit is the appropriate vehicle to contest unconstitutional conditions of confinement and prison procedures, while a *habeas* petition is used to seek release from custody. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: if "a favorable determination ... would not

---

[1]*Bivens* authorizes civil rights suits filed against federal agents or employees for violations of a constitutional right. *Broadway v. Beck*, 694 F.2d 979, 981 (5th Cir.1982) (actions of federal officials taken under color of federal law cannot form the basis of a suit under section 1983).

automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Based upon a review of the pleadings herein, it is clear that Tuck has asserted a civil rights claim. His claims do not allude to the overall length of his confinement but instead implicate the rules, customs, and procedures affecting that confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987).  In short, he is not attempting to challenge his conviction nor is he asserting that he should not be in custody.  Accordingly, he has failed to state a claim for which relief can be granted and this matter should be dismissed.  Tuck may hereafter raise these claims in a civil rights complaint provided he follows the appropriate procedure for doing so which among other things includes paying the filing fees associated therewith or seeking leave to proceed *in forma pauperis*.

 Accordingly, **IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* that constitutes civil rights claims as described herein be **DENIED AND DISMISSED WITHOUT PREJUDICE** to Tuck's ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE this 10th  day of September, 2015.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE